[Criminal No. 520. Filed March 16, 1922.]

[204 Pac. 1032.]

W. H. SMITH, Appellant, v. STATE, Respondent.

CRIMINAL LAW—SUPREME COURT WILL EXAMINE RECORD FOR FUNDA-
MENTAL ERROR, NOTWITHSTANDING FAILURE TO FILE ABSTRACT,
BRIEF, OR ASSIGNMENT OF ERRORS.—Under Penal Code of 1913,
section 1171, the Supreme Court will carefully examine the entire
record for fundamental error, notwithstanding appellant's failure
to file an abstract, brief, or assignment of errors.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

No appearance for either Appellant or Respondent.

McALISTER, J.—Appellant, W. H. Smith, was convicted of the crime of transporting intoxicating liquor, to wit, whiskey and tequila, and sentenced to a term of six months in the county jail and to the payment of a fine of $200, and in default of the payment of which, that he be imprisoned in the county jail one day for each dollar thereof. He appeals from this judgment and the order denying his motion for a new trial, but has brought here only the record, having failed to file an abstract, brief, or assignment of errors, thus leaving it to this court to ascertain for itself, unaided by any suggestion from appellant, whether there is error necessitating a reversal of the judgment.

Notwithstanding appellant's failure in this respect, however, we have, in compliance with the requirements of section 1171, Revised Statutes of 1913, Penal Code, making it the duty of this court to "review all decisions, opinions, orders, charges, rulings, actions and proceedings made or had in the cause in the court from which the appeal is taken, appearing in the record," examined very carefully for fundamental error the entire record and find therein nothing warranting action different from that taken by the trial court. It will serve no useful purpose to recite the facts; but it is sufficient to state that the trial was regular in all respects, that the evidence upon which the jury acted, though somewhat conflicting, amply justifies the verdict, and that the court's instructions were full, clear and correct.

No error appearing, the judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.